IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.KERRY HOOLEY and )<br>2.AMY HOOLEY, husband and wife, )<br>   )<br>         Plaintiffs,   )<br>   )<br>vs.   )<br>   )<br>1.ARGENT MORTGAGE COMPANY, LLC;   )<br>2.PATRICIA PETTINGILL, an individual;   )<br>and 3.DENNIS MILLER, an individual,   )<br>4. RON PORTER, an individual, and   )<br>5.LAWYERS TITLE OF OKLAHOMA CITY, INC)<br>   )<br>         Defendants.   ) | CASE NO: _____ |

**COMPLAINT**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

**COMES NOW**, the Plaintiffs Kerry and Amy Hooley through their attorneys of record, Greg Eldridge and James E. Dunn, and file this complaint in the above styled and numbered action on the following grounds against the Defendants Argent Mortgage Company, LLC, Patricia Pettingill, Dennis Miller, Ron Porter and Lawyers Title of Oklahoma City, Inc.

**Remedial Mechanisms**

1. This action arises under U.S.C., Title 28 § 1331.

2. The Plaintiffs bring this pendant state action pursuant to Oklahoma Common Law; Oklahoma Exemplary Damages law, Okla. Stat. tit, 23 § 9.1 et. al.; Oklahoma Tort law, Okla. Stat. tit, 76 § 1 et. al; the Oklahoma Commercial Code, Okla. Stat. tit, 12A

§ 1 et. al and; the Oklahoma Consumer Protection Act, Okla. Stat. tit., 15 § 751 et. al.

3. That the Plaintiffs bring the federal action pursuant to the Federal Truth in Lending Act. 15 USC §§ 1601 et. sec.

4. The Plaintiffs respectfully invoke the notice-pleading standard of FED. R. CIV. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See id*. Under the recent decision of the United States Supreme Court, the notice-pleading standard of rule 8(a)(2) supplies the dispositive test for 42 U.S.C. § 1983 actions. *See* <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 113 S. Ct. 1160 (1993).

## Jurisdiction

5. This Court's jurisdiction is predicated on 28 U.S.C. § 1331.

6. This Court's supplemental jurisdiction to hear the pendant state claims is predicated on the 28 U.S.C. § 1367.

7. The material acts of which the Plaintiffs complain occurred within the Western District of the State of Oklahoma pursuant to 28 U.S.C. § 1391(a)(2) and further invoke Federal Subject matter jurisdiction.

## Plaintiff

8. The Plaintiffs Kerry and Amy Hooley ("Hooleys") are individuals residing in the Western District of Oklahoma.

## Defendants

9. Argent Mortgage Company, LLC ("Argent") is a California foreign limited liability

company registered with the Oklahoma Secretary of State to do business in Oklahoma.

10. Patricia Pettingill ("Pettingill") is a resident of Oklahoma County, State of Oklahoma.

11. Pettingill conducts business in Oklahoma County, Oklahoma in the name of Landrun Manufactured Homes and Longhorn Mortgage.

12. Dennis Miller ("Miller") is a resident of Oklahoma County, Oklahoma.

13. Dennis Miller conducts business in Oklahoma County, Oklahoma as Miller Appraisal Services.

14. Ron Porter ("Porter") is an individual and partner of Patricia Pettingill in the unincorporated business known as Landrun Manufactured Homes.

15. Lawyers Title of Oklahoma City, Inc. ("Lawyers Title") is an Oklahoma domestic corporation that does business in Oklahoma County, State of Oklahoma,

## Common Allegations

16. In the spring of 2005 Amy and Kerry Hooley were in search of a home to purchase for their young family.

17. The Hooleys' search brought them to Landrun Manufactured Homes, which unincorporated business is owned and operated by Pettingill and Porter.

18. Pettingill also was a mortgage broker doing business as Longhorn Mortgage, which is also an unincorporated business owned and operated by Pettingill.

19. Pettingill and Porter through Landrun, agreed to sell the Hooley's a modular home and put it on land that would be owned and provided by Kerry Hooley.

20. The legal description of the land in questions is:

A part of the Southwest Quarter (SW/4) of Section Sixteen (16) , Township Eleven (11) North, Range One (1) East of the Indian Meridian, Oklahoma County, Oklahoma, more particularly described as follows: Beginning at a point North 1022.0 fee and North 89 24'09" East 450.71 feet from Southwest corner of the Southwest Quarter (SW/4) of said Section, Thence North a distance of 584.76 feet; Then North 67 55'30" East a distance of 79.32 feet; Then North 76 24'17" East a distance of 213.98 feet; Then North 82 24"55" East distance of 94.32 feet; Then South a distance of 673.40 feet; Thence South

   89 24'09" West a distance of 375.00 feet to the Point of Beginning. Also known as Tract 14, Deer Wood South, an Unrecorded Plat.

21. Longhorn/Pettingill was also the mortgage broker placing the loan with Argent.

22. Longhorn/Pettingill had an ongoing relationship with Argent.

23. Kerry Hooley applied for a loan with Longhorn/Pettingill and Argent for the purchase of a modular home to be placed on Hooley's land .

24. Landrun/Pettingill/Porter took a down payment from the Hooleys for the purchase of a modular home and they advised the Hooley's that she would process a loan through Longhorn to obtain a mortgage with Argent.

25. That Pettingill/Porter advised the Hooley's that the loan had been approved and that the parties were to close the transaction at Lawyers Title of Oklahoma City in Oklahoma County, Oklahoma.

26. That Miller prepared a fraudulent appraisal showing that a site built home was actually on the Hooley's land instead of revealing that the Hooley's ordered a modular home to be placed on the Hooley's land.

27. Miller's appraisal further depicted several site built homes as comparable properties to justify the fraudulently inflated loan proceeds instead of using modular and/or manufactured homes to calculate comparable market prices.

28. Pettingill and Porter conspired with Miller requesting the compilation and submission of the fraudulent appraisal.

29. Pettingill, Porter and Miller had actual knowledge that the appraisal depicted a site built home as the subject property and further used site built homes as comparables to inflate the loan proceeds for undisclosed finance charges relating to the Hooley's purchase of a modular home.

30. That the Hooley's credit application and purchase request clearly stated the Hooley's desire to purchase a modular home to be placed on the Hooley's land.

31. That Pettingill as the mortgage broker for Argent forwarded the fraudulent appraisal and loan application to Argent's modular lending division.

32. Argent had actual knowledge that the Hooleys were applying for a modular home loan not a site built home loan.

33. Argent received and approved Miller and Pettingill's appraisal even though the appraisal clearly depicts site built homes instead of modular and/or manufactured homes.

34. Argent approved the grossly inflated loan with the fraudulent finance charges as a modular home loan purchase transaction when Argent had actual knowledge that the appraisal depicted site built homes instead of modular and/or manufactured homes.

35. Argent and Pettingill coordinated that the Hooley's loan be executed and closed at Lawyers Title even though no home was built and/or delivered to the Hooley's.

36. During the closing process, the Hooley's openly discussed with the Lawyer's Title closing agent and Pettingill that the Hooley's were buying a modular home and that such home had not yet been delivered and/or set up on the Hooley's land.

37. That the Lawyer's title closing agent expressly acknowledged the Hooley's statements and reviewed the closing documents and appraisal submitted to the closing agent for the fraudulent closing.

38. That the fabricated calculations incorporated in the closing documents along with obvious errors placed all the Defendant's on actual and constructive notice that the Hooley's were being duped.

39. That the Lawyer's Title agent closed the loan after having actual knowledge of the fraud being perpetrated on the Hooleys continued with the closing process and requested that Mr. Hooley executed the documents of which he had no understanding.

40. That the Lawyer's Title agent never disclosed to and/or explained to the Hooleys the obvious errors, omissions and discrepancies relating to the transaction.

41. That the Defendant's knew that the Hooleys who were uneducated in these matters and

desperate to find a home for their young children.

42. That none of the Defendant's ever advised the Hooleys that they were entering into a fraudulent agreement even though all Defendant's had actual and constructive knowledge of the fraud being perpetuated on the Hooley's.

43. That in furtherance of the fraud, Argent intentionally waived the site inspection of the Hooley's land which inspection would have documented that no site built home was present as depicted on the Defendant's appraisal.

44. That Argent funded the grossly overstated loan to Pettingill and Porter who have absconded with the fraudulent loan proceeds.

45. Pettingill and Porter then ordered a substandard modular home for placement on the Hooley's bare land.

46. The home ordered by Pettingill and Porter was not the same home that the Hooleys ordered.

47. The Hooleys rejected the substandard home and to this day the Hooleys do not have a home on their land.

48. That Argent is continuing to issue billings to the Hooley's for monthly principal and interest payments for its fraudulent loan transaction perpetrated on the Plaintiffs.

49. That in a continued effort to cover up the fraud, Pettingill and Porter are forwarding to Argent and Argent is accepting from Pettingill and Porter monthly payments for the Hooley's loan.

50. That to date, the Hooley's have never received the modular home they ordered and the Hooley's are still without a home for their young children.

51. That due to the acts of the Defendants, the Hooleys have suffered and continue to suffer severe financial loss and emotional damage as a result of the willful, and negligent acts of the Defendants.

## Count I: Federal Truth in Lending Act

52. The Plaintiff re-alleges and restates all the factual information included in this complaint for this respective cause of action and further alleges and states as follows:

53. That the acts of the Defendants are violations of the Federal Truth in Lending Act. 15 USC §§ 1601 et. sec.

54. As a result of the Defendants' acts, the Plaintiff has sustained and will continue to sustain economic damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the plaintiff prays judgment plus the costs, attorney fees and all other awards that the court deems just and proper.

## Count II: Fraud

55. The Plaintiff re-alleges and restates all the factual information included in this complaint for this respective cause of action and further alleges and states as follows:

56. That the Defendants made a material representation to the Plaintiffs that the transaction was done within the legitimate standard and process of mortgages and closing transactions.

57. That such statements were false at the time they were made due to the fact that the Defendants jointly and severally knew that the transactions, the supporting documentation and statements made to the Hooley's were manufactured, incorrect, overstated and false.

58. That the Defendants knew at the time they provided the Plaintiffs' with the documents that the documents and the transaction were not legitimate, that the transaction was overstated and that the Plaintiffs were being defrauded.

59. That the Defendants made the false and fraudulent misrepresentation with the intention that such should be acted upon by the Plaintiffs.

60. That the Plaintiffs acted in reliance upon the false and fraudulent misrepresentation by executing the documents that the Defendants' provided and submitted in relation to the fraudulent transaction.

61. That the Plaintiffs have suffered injury due to their reliance on the Defendant's false representations that were material in fact.

62. That the Defendants acts were made in furtherance of their greed and were deceitful, false, intentional, malicious, wanton and made with the complete and actual disregard of the Defendants' knowledge along with the rights of the Plaintiff.

63. That the Defendants' acts, stated in this respective cause of action, were deceitful, fraudulent, intentional, malicious, wanton and made with the complete and actual disregard of the Defendants' knowledge and the rights of the Plaintiffs

64. As a result of the Defendants' acts, the Plaintiffs have sustained and will continue to sustain economic damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the plaintiff prays judgment plus the costs, attorney fees and all other awards that the court deems just and proper.

65. That the Defendant's acts were willful, malicious, wrongful and made with an intentional disregard to the rights of the Plaintiff causing the Defendants to be liable for punitive and exemplary damages pursuant to Okla. Stat. tit., 23 § 9.1 in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiff prays judgment.

### Count III: Intentional Infliction of Emotional Distress

66. The Plaintiffs re-alleges and restates all the factual information included in this

complaint for this respective cause of action and further alleges and states as follows:

67. That the Plaintiffs have sustained physical impairment, pain, suffering, and emotional distress due to the acts of the defendants.

68. As a result of the Defendants' intentional acts, the Plaintiffs have sustained and will continue to sustain emotional distress and physical discomfort in amount in Excess of Seventy Five Thousand Dollars ($75,000.00) for which the plaintiffs prays judgment plus the costs, attorney fees and all other awards that the court deems just and proper.

69. That the Defendant's intentional acts were willful, malicious, wrongful and made with an intentional disregard to the rights of the Plaintiff causing the Defendants to be liable for punitive and exemplary damages pursuant to Okla. Stat. tit., 23 § 9.1 in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiff prays judgment.

### Count IV: Negligence

70. The Plaintiffs re-alleges and restates all the factual information included in this complaint for this respective cause of action and further alleges and states as follows:

71. That the business practices and acts of the Defendants were inadequate, improper, contrary to customs of the industry and contrary to their duties owed to the Plaintiffs.

72. As a result of the Defendants' negligent business practices, the Plaintiffs have sustained and will continue to sustain financial loss in amount in Excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiffs pray judgment plus the costs, attorney fees and all other awards that the court deems just and proper.

73. That the Defendant's negligent acts were willful, malicious, wrongful and made with an intentional disregard to the rights of the Plaintiff causing the Defendants to be liable

for punitive and exemplary damages pursuant to Okla. Stat. tit., 23 § 9.1 in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiff prays judgment.

### Count V: Oklahoma Consumer Protection Act

74. The Plaintiffs re-alleges and restates all the factual information included in this complaint for this respective cause of action and further alleges and states as follows:

75. That the Defendants' acts were fraudulent and deceptive contrary to the Oklahoma Oklahoma Consumer Protection Act, Okla. Stat. tit., 15 § 751 et. sec.

76. As a result of the Defendants' deceptive and unfair trade practices, the Plaintiffs have sustained and will continue to sustain economic damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiff prays judgment plus the costs, attorney fees and all other awards that the court deems just and proper.

77. That in addition, the Defendants' deceptive and unfair trade practices were willful, malicious, wrongful and made with an intentional disregard to the rights of the Plaintiff causing the Defendants to be liable for punitive and exemplary damages pursuant to Okla. Stat. tit., 23 § 9.1 in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for which the Plaintiff prays judgment.

Respectfully Submitted,

  S/Greg Eldridge  
**GREG ELDRIDGE, OBA #14950**  
Greg Eldridge & Associates, PLLC  
116 S. Walker  
Oklahoma City, Oklahoma  73102  
Tele: (405) 601-2420   Fax: (405) 239-1003  
greg@eldridgelawoffice.com

-and-

**S/James E. Dunn**
**JAMES E. DUNN, OBA #15222**
James E. Dunn & Associates, P.C.
116 S. Walker
Oklahoma City, OK 73102
(405) 239-1000 telephone
(405) 239-1003 facsimile
jim@usattorney.com
ATTORNEYS FOR PLAINTIFF