# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY HOOLEY and AMY HOOLEY, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) NO. CIV-05-0862-HE |
| ARGENT MORTGAGE COMPANY, LLC., et al., | ) ) ) |
| Defendants. | ) ) |
| and | ) ) |
| PATRICIA PETTINGILL, et al., | ) ) |
| Third-Party Plaintiffs | ) ) |
| vs. | ) ) |
| STACY RUSSELL | ) ) |
| Third-Party Defendant. | ) |

## ORDER

Plaintiffs Kerry Hooley and Amy Hooley filed this action against Argent Mortgage Company, LLC ("Argent"), Patricia Pettingill, Dennis Miller, Ron Porter, Lawyers Title of Oklahoma City, Inc. ("Lawyers Title"), Longhorn Mortgage Limited Liability Company ("Longhorn Mortgage"), and Landrun Manufactured Homes ("Landrun"), alleging violations of the Truth in Lending Act and Oklahoma Consumer Protection Act, plus fraud and negligence claims. Defendants Pettingill, Porter, Longhorn and Landrun have filed a third-party complaint against Stacy Russell, their employee, which she has moved to dismiss. As

disposition of the motion depends on the allegations in the Hooleys' complaint, their claims are briefly summarized.

The plaintiffs allege they agreed to purchase a modular home from Landrun, a home manufacturer owned by Pettingill and Porter, and that Pettingill agreed to arrange financing for their purchase through Longhorn Mortgage, her mortgage brokerage business. They claim that Miller, an alleged conspirator with Pettingill and Porter, prepared a fraudulent appraisal that depicted a site-built home on the Hooleys' property, rather than a modular home. The alleged false appraisal was intended to inflate the loan proceeds. The plaintiffs assert Argent approved the inflated loan, even though their credit application and purchase request stated they intended to purchase a modular home. Lawyers Title's agent, who allegedly was aware of the fraud, then closed the loan, although a home had never been delivered to the site. The plaintiffs claim that Pettingill and Porter absconded with the "grossly overstated loan" proceeds and ordered a substandard modular home for them, which they rejected. Argent is currently billing them for loan payments , the plaintiffs allege, but Pettingill and Porter are making the payments to conceal the fraud.

In their third-party complaint Pettingill, Porter, Longhorn and Landrun allege that any fraud, negligence or violations of the Oklahoma Consumer Protection Act were committed by Russell, their employee, who was the loan officer who "dealt exclusively with Plaintiffs in the sale and financing of the manufactured home." Amended Third-party Complaint, p. 2, ¶ 7. They claim she acted outside the scope of her employment and without their knowledge and that they are entitled to be indemnified by her for any judgment rendered

against them in favor of the plaintiffs. Russell asserts that she cannot be joined under Fed.R.Civ.P. 14(a), because if, as the third-party plaintiffs claim, she acted outside the scope of her employment, then her employers are not responsible for her conduct under Oklahoma law. Under those circumstances, there is no basis for indemnification.

In the third-party complaint, the third-party plaintiffs simply reiterate their defense that if any malfeasance occurred, it was committed by Russell while acting outside the scope of her employment. They then allege the basis for their third-party claim -- if they should be held accountable for Russell's conduct (under the doctrine of respondeat superior), they are entitled to indemnification.

Rule 14(a) authorizes a defendant to filed a third-party claim against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. "[I]mpleader is proper only when a right to relief exists under the applicable substantive law." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal <u>Practice and Procedure</u> § 1446 (2d ed. 1990). Oklahoma law grants "a right of indemnification to a vicariously liable employer against the malfeasant employee." <u>Biggs v. Surrey Broadcasting Co.</u>, 811 P.2d 111, 114 (Okla. Civ. App. 1991). *See* <u>Burke v. Webb Boats, Inc.</u>, 37 P.3d 811, 814 (Okla. 2001) ("A master is entitled to indemnity from the servant where the negligence of the servant causes damage to a plaintiff but no fault is attributable to the master."); <u>Porter v. Norton-Stuart Pontiac-Cadillac of Enid</u>, 405 P.2d 109, 113-15 (Okla. 1965).

The third-party complaint suffices to state an indemnification claim against Russell,

who may be liable for all or part of the Hooleys' claims against Pettingill, Porter, Longhorn and Landrun.[1] Accordingly, Russell's motion to dismiss [Doc. #53] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]*Russell's alternative argument, that the court should exercise its discretion and strike the third-party claim because it will only delay and prejudice the plaintiffs' claims, is not persuasive.*